**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TANIKO SMITH,

Petitioner,

v.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

Case No. 2:21-cv-00264-RFB-DJA

**ORDER**

Petitioner Taniko Smith, a Nevada prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter is before the Court for preliminary review pursuant to the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, the Petition is dismissed following preliminary review.

Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; see also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004). A state prisoner's habeas claim is cognizable under § 2254 only if it falls within the "core" of habeas. Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a habeas claim would not necessarily lead to a petitioner's

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," under 42 U.S.C. § 1983. Id. at 931.

In Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary infraction, which caused 30 days of good time credits to be revoked. 830 F.3d at 925–26. Nettles filed a federal habeas petition seeking restoration of the good time credits and expungement of the rule violation report that led to the loss of good time credits. Id. at 927. The Ninth Circuit held that Nettles' claim was not cognizable in habeas. Id. at 934–35. Habeas relief is not available for "probabilistic claims," i.e., where success on the claims "could potentially affect the duration of confinement" or is "likely to accelerate the prisoner's eligibility for parole." Id. at 933–34 (quotation omitted). In short, a prisoner cannot bring a federal habeas petition "where 'a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.'" Id. at 933 (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)). Because the parole board could have denied parole, even if Nettles succeeded in expunging the rules violation report, the Ninth Circuit held that a meritorious habeas claim would not necessarily lead to his immediate or earlier release. Id. at 935. Thus, his claim was not within "the core of habeas corpus" and could not be brought under § 2254 but must be pursued under § 1983, if at all. Id. (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

Here, Petitioner is serving a life sentence for a crime that took place in 1993. (ECF No. 1-1 at 2.) Due to the timing of his crime, Petitioner explains that he is eligible to seek a pardon after serving a minimum of 20 years in prison. (Id.) However, Petitioner explains that he received an unfounded disciplinary infraction, and the grievance process took approximately three years—from 2017 to 2020—because his grievance and appeal paperwork were lost by the Nevada Department of Corrections. (Id. at 3, 6.) During this three-year period, Petitioner was unable to

apply for a pardon, even though he had served the minimum time in prison. (Id. at 2.) Further, the disciplinary infraction "will likely prevent [him] from receiving any type [of] commutation of sentence" in the future. (Id. at 3.) Based on these allegations, Petitioner asserts that his due process and equal protection rights were violated by the loss of his grievance paperwork, the failure to send him a response at every level of the grievance process, and the prevention of his ability to appeal the determination of guilt. (Id. at 7.) Petitioner requests that his Court expunge his disciplinary infraction "so that [he] may apply to the pardons and clemency boards with a[n] honest chance to be release on parole." (Id. at 11.)

Success on the merits of Petitioner's claims would not necessarily lead to immediate or speedier release because (1) Petitioner has already been granted parole,[2] and (2) the expungement of the challenged disciplinary infraction would not necessarily lead to a grant of a pardon or parole. Regarding the latter point, under Nevada law, the parole board has the authority and discretion to grant or deny parole, and the pardons board has the authority and discretion to grant or deny a pardon. Wydeven v. Warden, Lovelock Corr. Ctr., 238 P.3d 867 (Nev. 2008) (citing Nev. Rev. Stat. § 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."); Powell v. State, No. 76448, 2019 WL 1245614, at *1 n.2 (Nev. March 15, 2019) ("The power to pardon and commute lies within the discretion of the Pardons Board."). Consequently, Petitioner's claims do not fall in the "core" of habeas and must be brought—if at all—under 42 U.S.C. § 1983.[3] See Sandin v. Conner, 515 U.S. 472, 487 (1995) (although

[2]Following the filing of his Petition, according to the state corrections department's inmate locator page, Petitioner was granted parole on or about February 17, 2022.

[3]The Court has not completed a review of other potential issues that may arise if Petitioner files a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion

disciplinary conviction may not help inmate seeking release on parole, it is only one of "myriad of considerations" relevant to parole decision and does not inevitably affect the length of the prisoner's sentence); see also Stanhope v. Ryan, No. CV-14-00310-TUC-BPV, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017) (explaining that "even if Petitioner were to succeed on his claim that he was improperly denied a commutation hearing, it does not necessarily follow that such a determination would result in his immediate release from custody or the shortening of his sentence" because "the absence of a commutation hearing in this case does not compel the grant of clemency").

Furthermore, Petitioner's fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014) (citing Cullen v. Pinholster, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." Burkey v. Deeds, 824 F. Supp. 190, 192 (D. Nev. 1993). In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the official decision-making and (2) contains explicitly mandatory language, i.e., a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. See, e.g., Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 462 (1989).

---

regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); Nettles, 830 F.3d at 932.

Federal habeas relief is unavailable "for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

Although Petitioner mentions "due process" and "equal protection" in his Petition, his claims appear to present no federal question because they appear to involve only the application or interpretation of state law regarding prison disciplinary proceedings. See Swarthout v. Cooke, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole. Moor v. Palmer, 603 F.3d 658, 662-63 (9th Cir. 2010).

The Court declines to recharacterize the Petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. Nettles, 830 F.3d. at 935–36; see also Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Nettles, 830 F.3d. at 935–36 (quotation omitted); see also United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the Petition is not amenable to conversion on its face because it is not clear that Petitioner

has named the proper defendant or whether recharacterization would disadvantage Petitioner. The Court therefore dismisses the petition without prejudice and instructs the Clerk of Court to send Petitioner a form complaint for § 1983 civil rights actions.

**IT IS THEREFORE ORDERED**:

1. Petitioner Taniko Smith's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.
2. Petitioner is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.
3. Petitioner's Application to Proceed In Forma Pauperis (ECF No. 1) is DENIED as moot.
4. The Clerk of Court is directed to:
   a. FILE the Petition (ECF No. 1-1).
   b. MAKE INFORMAL ELECTRONIC SERVICE upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of the Petition (ECF No. 1-1) and this order to his office under Rule 4 of the Rules Governing Section 2254 Cases. No response is required from Respondents other than to respond to any orders of a reviewing court.
   c. ENTER final judgment and CLOSE this case.
   d. SEND Petitioner (1) one blank copy of the in forma pauperis application for prisoners, (2) one blank copy of the form complaint

for § 1983 civil rights actions, and (3) a copy of the Petition (ECF No. 1-1) along with this order.

Dated: August 9, 2022

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT